IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 99-18-M-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| JOHN LANNY LYNCH, | |
| Defendant/Movant. | |

On August 26, 2013, Defendant John Lanny Lynch, a federal prisoner proceeding pro se, filed a motion under Fed. R. Civ. P. 60(b). He purports to identify conflict between this Court's findings and ruling on his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and the Ninth Circuit Court of Appeals' rulings on direct review in 2006. Rule 60(b) Mot. (doc. 238) at 2-3. There is no conflict, but that is beside the point.

Lynch seeks to re-litigate this Court's denial of his § 2255 motion, based on facts known to him in 2008 and before. *Id.* at 3. He appealed the motion's denial. The Court of Appeals denied a certificate of appealability. Order at 1, *United States*

1

*v. Lynch*, No. 08-35533 (9th Cir. Aug. 19, 2009) (doc. 228). Rule 60(b) "has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). But "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 532.

Because it is indistinguishable from a request for habeas relief, Lynch's Rule 60(b) motion is recharacterized as a second motion to vacate, set aside, or correct the judgment under 28 U.S.C. § 2255.[1] A district court lacks jurisdiction to entertain a second or successive § 2255 motion unless the defendant first obtains leave to file from the court of appeals. 28 U.S.C. § 2244(c); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Lynch has not obtained leave. His second § 2255 motion is dismissed as unauthorized.

Because dismissal is imperative, a certificate of appealability is not warranted. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because the motion is also untimely, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. §§ 1631, 2255(f).

---

[1] Notice and an opportunity to amend must be extended before a motion is recharacterized as a *first* § 2255 motion. There is no such requirement when a motion is recharacterized as a second or successive § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lynch's Rule 60(b) motion is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255.

2. Lynch's second § 2255 motion is DISMISSED for lack of jurisdiction as an unauthorized second motion.

3. A certificate of appealability is DENIED.

4. The Clerk of Court shall ensure that all pending motions in this case and in the civil case are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 28th day of August, 2013.

Donald W. Molloy
United States District Court