

FILED

JUL 31 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOHN LANNY LYNCH,<br><br>Defendant/Movant. | Cause No. CR 99-018-M-DWM<br>CV 16-156-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Defendant/Movant Lynch's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The defendant is a federal prisoner represented by Assistant Federal Defender David Ness. Lynch seeks relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which was made retroactive to final judgments by *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). He previously litigated a § 2255 motion, but, on December 22, 2016, the Ninth Circuit Court of Appeals authorized him to file a second § 2255 motion. *See* Order (Doc. 251) at 1.

**I. Preliminary Review**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing

1

Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Procedural Background

Lynch was initially charged with Hobbs Act conspiracy, Hobbs Act robbery, and a gun count. On November 22, 1999, the grand jury handed down a superseding indictment alleging one count of committing a robbery affecting interstate commerce, a violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1); and one count of using or carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §§ 924(c) and 2 (Count 2). *See* Superseding Indictment (Doc. 68).

Following a jury trial, Lynch was convicted on both counts. *See* Verdict (Doc. 164) at 1. On July 31, 2000, Lynch was sentenced to serve 240 months on Count 1 and 60 months on Count 2, consecutive. *See* Minutes (Doc. 182);

2

Judgment (Doc. 185) at 2. At the time, that was the statutory maximum sentence on both counts.

Lynch appealed, but his conviction was affirmed. *See United States v. Lynch*, 437 F.3d 902, 908-16 (9th Cir. 2006) (en banc) (per curiam). His petition for writ of certiorari was denied on October 2, 2006. *See Lynch v. United States*, 549 U.S. 836 (2006). His conviction became final on that day. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Lynch filed a motion under 28 U.S.C. § 2255 on September 26, 2007. The motion and a certificate of appealability were denied on June 3, 2008. *See* Mot. § 2255 (Doc. 217); Order (Doc. 223). The Court of Appeals denied a certificate of appealability on August 19, 2009. Order (Doc. 228).

On December 22, 2016, the Court of Appeals granted Lynch leave to proceed with a second or successive § 2255 motion. "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); *see also id.* § 2255(h). *Johnson* is a new rule of constitutional law made retroactive, in *Welch*, to cases on collateral review. The rule was previously unavailable, as no legal authority held the ACCA's residual clause unconstitutionally vague until *Johnson*. Whether Lynch is entitled to relief under *Johnson* or not, his new motion does "*contain . . .*

3

a new rule of constitutional law." 28 U.S.C. § 2255(h)(2) (emphasis added). The requirement of 28 U.S.C. § 2255(h)(2) is met, and the merits of the motion must be considered.

### III. Legal Background

#### A. 18 U.S.C. § 924(e)

In *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) ("*Johnson*" or "*Johnson II*"), the Court considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court found the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement. Therefore, the decision held, federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction

4

when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563.

*Johnson* did not address either subsection (i) or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid.

### B. 18 U.S.C. § 924(c)(3)

Lynch challenges his conviction not under the ACCA but under 18 U.S.C. § 924(c)(1)(A) and (iii) for using or carrying a firearm during and in relation to a "crime of violence." The definition of a "crime of violence" in § 924(c)(3) is not identical to the definition of a "violent felony" in § 924(e)(2)(B), but it is similar:

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Court will assume, for the sake of argument, that the residual clause in § 924(c)(3)(*B*) is unconstitutionally vague for the reasons explained in *Johnson II*. *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding the residual clause of 18 U.S.C. § 16(b), which is virtually identical to § 924(c)(3)(B), unconstitutionally vague under *Johnson II*), *cert. granted*, No. 15-1498 (U.S. Sept.

29, 2016).¹ But, even so, Lynch's conviction and sentence under § 924(c) would still be valid if the "crime of violence" he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(*A*).

For the following reasons, Lynch's conviction and sentence remain valid after *Johnson*.

### IV. Analysis

#### A. Lynch's Predicate Crime Was Hobbs Act Robbery

The caption of the Indictment and the text of Count 2, the § 924 count, accused Lynch of "robbery affecting commerce in violation of 18 U.S.C. 1951(a)." Superseding Indictment (Doc. 68) at 1, 2. In turn, Count 1 accused Lynch of "tak[ing] or obtain[ing] by means of actual or threatened force or violence from the person of Brian David Carreiro, and against [his] will . . . personal property . . . all in violation of 18 U.S.C. 1951(a) and 2." *Id.* at 2.

As to Count 1, and as relevant here, the jury was instructed that the United States must prove Lynch "caused Brian Carreiro to part with property by the wrongful use of force or the threat of force . . . with the intent to obtain the property that the defendant knew he was not entitled to receive." Jury Instr. No. 24 (Doc. 156 at 24). The jury was also given the definition of robbery in 18 U.S.C.

---

¹ On June 26, 2017, the Supreme Court adjourned without deciding the case. It will be reargued in the next Term.

6

§1951(b)(1) and of "taking." *See* Jury Instr. Nos. 27, 28 (Doc. 156 at 27-28).

Lynch was found guilty of both Count 1 and Count 2. *See* Verdict (Doc. 164) at 1.

The predicate crime for Lynch's conviction under § 924(c), therefore, is robbery as defined by the Hobbs Act. To prevail on his § 2255 motion, he must show that robbery under the Hobbs Act is not a "crime of violence."

### B. Hobbs Act Robbery is a Crime of Violence

Lynch agrees that *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993), is a relevant precedent, *see* Mot. § 2255 (Doc. 252) at 12, 15-16, but it is more significant than he suggests. *Mendez* held that *conspiracy* to commit a Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(B). *See Mendez*, 992 F.2d at 1491-92. After *Johnson*, that conclusion is at least questionable.

But before considering the status of *conspiracy* to commit a Hobbs Act robbery, the *Mendez* court stated that a Hobbs Act *robbery* is a crime of violence under § 924(c)(3)(*A*). It said:

> Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence").

*Mendez*, 992 F.2d at 1491.

The parenthetical phrase describing robbery as containing an "element" of "actual or threatened force, or violence" refers to § 924(c)(3)(A)'s requirement that a crime of violence have, "as an element, the use, attempted use, or threatened use

7

of physical force." The *Mendez* court's characterization of Hobbs Act robbery as a crime of violence under § 924(c)(3)(A) has been treated as binding precedent in the Ninth Circuit. *See, e.g., United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016); *United States v. Allen*, 425 F.3d 1231, 1234 n.3 (9th Cir. 2005); *United States v. Shivers*, 172 F.3d 60, 1999 WL 77960 (9th Cir. Feb. 16, 1999) (unpublished mem. disp.).

It is true that *Mendez* announced its rule "without any analysis of the elements of robbery as defined in the Hobbs Act." *United States v. Chandler*, 743 F.3d 648, 658 (9th Cir. 2014), *vacated*, __ U.S. __, 135 S. Ct. 2926 (2015) (vacating and remanding in light of *Johnson*). The decision might be "illogical" or "questionable." *Chandler*, 743 F.3d at 658. But, even if it is, that does not license this Court to ignore it.

Under the Ninth Circuit's ruling in *Mendez*, a Hobbs Act robbery is a crime of violence under the force clause, § 924(c)(3)(A). *Johnson* has no bearing on § 924(c)(3)(A). If *Mendez* is still good law, it defeats Lynch's § 2255 motion.

### C. As to Robbery, *Mendez* Remains Good Law in the Ninth Circuit

Lynch's conviction under § 924(c) is not subject to challenge if the portion of *Mendez* holding a Hobbs Act robbery to be a crime of violence under § 924(c)(3)(A) remains good law. Generally, a published decision of the Ninth Circuit Court of Appeals is binding authority that "must be followed unless and

8

until overruled by a body competent to do so." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Neither the Ninth Circuit nor the Supreme Court has overruled any part of *Mendez*.

But a published decision loses its precedential force when subsequent binding precedent has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *Hart*, 266 F.3d at 1170; *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled in part by Gonzalez*, 677 F.3d at 389 n.4). In that case, district courts are instead required to "consider themselves bound by the intervening higher authority and reject the prior opinion . . . as having been effectively overruled." *Gonzalez*, 677 F.3d at 389 n.4.

Therefore, the question is whether *Mendez* is "clearly irreconcilable" with any of the more recent decisions on categorical and modified categorical analysis that Lynch invokes: *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016); *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013); *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"); *Leocal v. Ashcroft*, 543 U.S. 1 (2003); and the various circuit decisions applying these cases. *See generally* Mot. § 2255 at 12-20.

9

## 1. *Mendez* Can Be Reconciled With *Mathis* and *Descamps*

*Mendez* was decided many years before the Supreme Court clarified, in *Descamps* and again in *Mathis*, that "the first task for a sentencing court faced with an alternatively phrased statute is . . . to determine whether its listed items are elements or means." *Mathis*, 136 S. Ct. at 2256. The distinction between elements and means is important because it indicates whether a particular statute indivisibly defines one indivisible crime, merely allowing for different ways of proving its elements, or, instead, whether a statute is divided into multiple crimes, each with its own discrete set of elements. Whether a statute defines one crime with various means of committing it or two or more distinct crimes with different sets of elements matters because *every* means of committing a particular crime must qualify as a "crime of violence" if *any* means of committing it is to be one. *See Mathis*, 136 S. Ct. at 2248-49, 2256; *Almanza-Arenas v. Lynch*, 815 F.3d 469, 476-79 (9th Cir. 2015) (en banc); *Ramirez v. Lynch*, 810 F.3d 1127, 1134-38 (9th Cir. 2016). When a statute is divisible, therefore, not every conviction incurred under the statute must have the use or attempted or threatened use of physical force as an element.

As related to the Hobbs Act, for instance, if the Act is indivisible, every instance of violating the Act must involve force, and plainly that is not the case. *See, e.g.*, 18 U.S.C. § 1951(b)(2) (defining extortion under color of official right,

10

that is, inducing a victim to part with property by wrongfully threatening to use an office to the victim's detriment). But if the Hobbs Act is divisible—say, into robbery or extortion—then a Hobbs Act robbery might be a "crime of violence" while a Hobbs Act extortion is not.

*Mendez* contains some language suggesting the Hobbs Act is indivisible. The court says the Act "defines a crime using several permutations, any one of which constitutes *the same offense*." *Mendez*, 992 F.2d at 1490 (emphasis added). Taken literally, this statement would seem to mean that § 1951(a) is indivisible, at least as to some of the terms used in the subsection.

But the reasoning of the opinion suggests this statement should not be taken literally:

> A person may be convicted for violating § 1951 if he interferes with interstate commerce by robbery, extortion, attempting or conspiring to rob or extort, or committing or threatening violence in furtherance of a plan or purpose to violate the statute. Thus the question arises whether every permutation of § 1951 must be a "crime of violence" to find categorically that a § 1951 offense is a "crime of violence," or whether a categorical finding requires only that the particular permutation for which the defendant is convicted be a "crime of violence."

*Id.* In other words, although it did not use the same terms as *Descamps* and *Mathis*, *Mendez* clearly considered whether § 1951(a) defined multiple crimes—robbery, extortion, conspiracy to commit robbery, etc.—or whether it defined one crime—viz., interference with commerce by wrongful use of force or threats.

11

Further, *Mendez* concluded that the Hobbs Act defines more than one crime. The court stated that, "where a defendant has been convicted under a statute describing *crimes* [plural] of both violence and non-violence, we need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation." *Mendez*, 992 F.2d at 1491. The court went on to discuss only robbery, not extortion, and it considered robbery and conspiracy to rob separately. Since the court did not consider extortion at all, it necessarily (albeit implicitly) concluded it *did not matter* whether extortion was a crime of violence or not. Therefore, *Mendez* tacitly held that § 1951(a) of the Hobbs Act is divisible and that robbery *and* extortion *and* conspiracy to commit robbery are separate crimes. *See Mendez*, 992 F.2d at 1490-91 (discussing *United States v. Potter*, 895 F.2d 1231 (9th Cir. 1990) (construing Cal. Penal Code § 261(a)(2)), and *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) (construing first and second paragraphs of 18 U.S.C. § 2113(a)); *see also Callanan v. United States*, 364 U.S. 587, 595-97 (1961) (holding that Hobbs Act conspiracy is separate crime from substantive offenses but declining to consider whether the "repetitive" nature of "some of the substantive sections" indicates they are "variants in phrasing of the same delict").

If *Mendez* had reasoned or assumed that some robberies under the Hobbs

Act may be violent and others non-violent, it would indeed be irreconcilable with *Mathis* and *Descamps*. But it is only necessary to translate *Mendez*'s terms into the contemporary parlance and read the opinion as holding, in part, that 18 U.S.C. § 1951(a) is divisible. *Mathis* and *Descamps* do not "undercut the theory or reasoning underlying [*Mendez*] in such a way that the cases are clearly irreconcilable." *Gonzalez*, 677 F.3d at 389 n.4.

### 2. *Mendez* Can Be Reconciled With *Johnson I* (2010)

*Johnson I* holds that a crime cannot be characterized as a "crime of violence" unless its elements require proof the defendant used "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original). A crime that may be proved by showing only a *de minimis* use of force, or use of "force" in the common-law sense that includes even an offensive touching, will not suffice. *Id.* at 139.

It is possible that a federal court will one day sustain a conviction for robbery under the Hobbs Act where a defendant takes a collection pouch from the hands of a pizza delivery driver by simply running past the driver and grabbing it out of his hands. In that case, *de minimis* physical force or mere "offensive touching" would appear to suffice to demonstrate a use of "force" within the definition of robbery in § 1951(b)(1). If and when that happens, *Mendez* might no longer be reconcilable with *Johnson I*. *See Howard*, 650 Fed. Appx. at 468 n.1

13

(citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), and reserving the issue).

But, so far as Lynch can show, that day has not arrived. He cites cases sustaining convictions for *extortion* under the Hobbs Act based on a use of minimal physical force or offensive contact, *see* Mot. § 2255 at 17-18, but no comparable case sustaining a conviction for Hobbs Act *robbery*. Some cases from other jurisdictions construe language identical or very similar to the language of the Hobbs Act and find their terms met by minimal force or contact.[2] *See, e.g., United States v. Parnell*, 818 F.3d 974, 978-82 (9th Cir. 2016). But Lynch does not cite a case holding that a grab-and-run robbery or a robbery involving a similar degree of force constitutes a violation of the Hobbs Act.

Concededly, the language of the Hobbs Act provides some support for Lynch's position. *Mendez* quotes 18 U.S.C. § 1951(b)(1) right up to the point where the language begins to raise questions about whether true physical force is really required. *See Mendez*, 992 F.2d at 1490 (cutting off definition of robbery after "by means of actual or threatened force, or violence," and omitting "or fear of

---

[2] One such case is—or was—*United States v. Jones*, 830 F.3d 142, No. 15-1518-cr (2d Cir. July 21, 2016). Initially, the case held that a conviction for first-degree robbery under New York law, which is similar to the Hobbs Act, was no longer a "crime of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a). *See Jones*, No. 15-1518-cr, Opinion (Doc. 96-1) at 19 (2d Cir. July 21, 2016). But the United States petitioned for rehearing, both on the court's reasoning as to the degree of force under *Johnson I* and as to the application of *Johnson II* to the Sentencing Guidelines. *See generally* U.S. Pet. for Reh'g (Doc. 108), *Jones*, No. 15-1518-cr (2d Cir. filed Sept. 13, 2106). The court subsequently withdrew its opinion, *see Jones*, 838 F.3d 296 (2d Cir. Oct. 3, 2016), and it is now available only in the electronic record of the case.

injury, immediate or future"). The Hobbs Act does not explain whether the words "injury" and "fear" in the definition of robbery are limited to physical injury or fear of it or, like the words "injury" and "fear" in the definition of extortion, it may include threats of other kinds of harm. *See also infra* n.4.

The traditional concept of robbery is closely related to physical violence. Black's Law Dictionary "defines 'physical force' as '[f]orce consisting in a physical act, esp. a violent act directed *against a robbery victim.*" *Johnson I*, 559 U.S. at 139 (emphasis added) (quoting *Black's Law Dict.* 717 (9th ed. 2009)). But the Hobbs Act's definition of robbery does not follow the traditional concept or even the contemporary generic definition of robbery, i.e., "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the *person.*" *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006),[3] *quoted in United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).

Under the Hobbs Act, danger to the person is not an element of robbery. Even immediacy is not an element. "Robbery" reaches the act of taking property by threatening future injury to the property of an absent family member. *See* 18 U.S.C. § 1951(b)(1). Traditionally, that degree of attenuation is characteristic of extortion, not robbery. *See, e.g.*, 3 Wayne R. LaFave, *Substantive Criminal Law* §

---

[3] This decision was abrogated in part by *United States v. Rodriguez*, 711 F.3d 541, 554-55 (5th Cir. 2013) (en banc).

15

20.3(a) intro., at 172-73 (2d ed. 2003); § 20.3(d), at 186-87; 20.4(a)(4) & n.16 at 200-03; § 20.4(b), at 203-04 & n.31.1 (2d ed. 2003 & Supp. 2016-2017) (citing *Becerril-Lopez*, 541 F.3d at 891).

Nonetheless, despite the overlap between the Hobbs Act's definitions of traditionally violent robbery and traditionally non-violent or less-violent extortion, every court of appeals that has considered the issue after *Johnson I* has held that a Hobbs Act robbery necessarily requires proof of the use or attempted or threatened use of physical force against the person or property of another within the meaning of § 924(c)(1)(A). *See, e.g., United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir.), *cert. denied*, No. 16-9008 (U.S. June 5, 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir.), *pet. for cert. filed*, No. 16-9411 (U.S. May 31, 2017); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 138-39 (2d Cir. 2016).[4]

---

[4] These decisions do not appear to consider other points of view. For instance, some courts have observed that robbery under the Hobbs Act is mutually exclusive of extortion because robbery is a taking "against the will" of another and extortion involves consent, even if the victim is compelled to make a Hobson's choice. *See, e.g., Gooch*, 850 F.3d at 291; *United States v. Zhou*, 428 F.3d 361, 371 (2d Cir. 2005). But suppose the proprietor of an all-organic restaurant gives conflicting statements about a theft that occurred at her business. In her first statement to investigators, she says the defendant threatened to tell a newspaper reporter where she really purchases her produce and meat unless she gave him the money in the cash register, so she did. Later, she denies she ever said a threat was made. Instead, she says the defendant grabbed her, forced her to open the cash register, and took the money. *Cf. James v. United States*, 550 U.S. 192, 224 (2007) (Scalia, J., dissenting) (explaining why one may view extortion as inherently more likely than burglary to create risk that force will be used). Must the United States persuade a jury unanimously to agree either that the first statement is true or the second

In view of these numerous opinions, whatever the language of the Hobbs Act may ultimately be held to mean, it is not possible to say that *Johnson I* is "clearly irreconcilable" with the *Mendez* court's holding that Hobbs Act robbery has, as an element, the use or attempted or threatened use of physical force against the person or property of another.

### 3. *Mendez* Can Be Reconciled With *Leocal*

Finally, Lynch argues that the Hobbs Act fails to meet the *mens rea* requirement of *Leocal v. Ashcroft*, 543 U.S. 1 (2003). Analogizing bank robbery under 18 U.S.C. § 2113 to the Hobbs Act, *see United States v. Holloway*, 309 F.3d 649, 651-52 (9th Cir. 2002), he also argues that intimidation would suffice to meet the elements of robbery and that intimidation requires only that the victim

---

statement is true? So long as the jury unanimously agrees the defendant unlawfully obtained the cash by threats *or* violence, and also created at least a *de minimis* impact on interstate commerce, arguably the United States has proved the essential elements of the Hobbs Act. *See Ramirez*, 810 F.3d at 1133 ("[T]he key question we must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements."); *see also id.* at 1135-36.

Further, all violations of the Hobbs Act carry the same maximum penalty. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). While not decisive, provision for one penalty range tends to show the Hobbs Act creates one crime: interference with commerce by threats or violence. *But see Callanan*, 364 U.S. at 595-97.

The cited decisions also observe that Congress' decision to define robbery and extortion separately in § 1951(b)(1) and (b)(2) means, or at least suggests, the statute is divisible. But § 1951(b)(*3*) defines "commerce." "Commerce" is neither an element nor a crime. The element that "commerce" speaks to is "obstructs, delays, or affects commerce," 18 U.S.C. § 1951(a), which must be proved in *every* Hobbs Act case. Subsection (b)(3), therefore, is not consistent with the suggestion that (b)(1) and (b)(2) must be mutually exclusive. And, most fundamentally, § 1951(a) contains the language of prohibition ("Whoever . . . shall be fined . . . or imprisoned"), the terms encapsulating the prohibited conduct, and the jurisdictional element. Subsection (b) merely defines "terms" used in subsection (a).

17

experience it, not that the defendant intend to cause it. *See* Mot. § 2255 at 19-20.

On these points, the Court disagrees. Intimidation facilitates a taking when it is perceived as a threat to use physical force. Lynch is correct that a victim's perception of a threat does not always mean the defendant made a threat. But the Hobbs Act requires proof that a defendant obtain property "*by* robbery or extortion." 18 U.S.C. § 1951(a) (emphasis added). The statute requires proof, in other words, of goal-driven behavior by the defendant, be it a deployment of force or violence or intimidating threat, for the purpose of compelling or inducing someone to give up property. Such conduct falls within the highest form of intent required by *Leocal*: the use (or attempted or threatened use) of violence or unlawful threats as a means to an end. *See Leocal*, 543 U.S. at 9. *Leocal* is easily reconciled with *Mendez*.

Although categorical analysis applies, it should not go unsaid that Lynch's conduct went far beyond a Hobbs Act robbery. The facts proved to a jury in this case are that Lynch and his co-defendant lured their friend Brian Carreiro to Montana, shot him dead, chopped up his body, and burned it after stealing his ATM card.

### D. Conclusion: Lynch's Motion is Controlled By *Mendez*

As explained, the question is whether *Mendez* is "clearly irreconcilable" with subsequent Supreme Court decisions. The answer to that question is at least

"not clearly enough." Its manner of analysis may have been incomplete or even incorrect, but it is not so clearly incomplete or incorrect that this Court is bound to overlook it. Therefore, the Court must follow it.

Because *Mendez* holds that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), and because *Johnson* could only be pertinent to § 924(c)(3)(B), *Johnson* does not support relief for Lynch. His § 2255 motion must be denied. There is no need to consider the United States' procedural defenses.

## V. Certificate of Appealability

A certificate of appealability is not warranted. Even if *Mendez* is no longer good law, that fact would not help Lynch to show that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). And even if § 924(c)(3)(B) is unconstitutional in light of *Johnson*, *Johnson* has no bearing on § 924(c)(3)(A) or *Mendez*.

Accordingly, IT IS HEREBY ORDERED:

1. Lynch's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 252) is DENIED;

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Lynch files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 16-156-M-DWM are terminated and shall close the civil file by entering judgment in

favor of the United States and against Lynch.

DATED this 31st day of July, 2017.

_____
Donald W. Molloy
United States District Court